IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00044-MSK-1

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**HIEU C. MATTISON**,

    Defendant.

_____

**UNOPPOSED MOTION TO CONTINUE TRIAL AND TO
EXCLUDE TIME FROM THE SPEEDY TRIAL ACT COMPUTATION**
_____

    Hieu C. Mattison ("Mr. Mattison"), by and through undersigned counsel, David E. Johnson, hereby moves this Honorable Court for a 60 day ends of justice continuance of the trial and extension of pre-trial Motion to Suppress deadline, pursuant to 18 U.S.C. § 3161(h)(7)(A), and as grounds therefore states as follows:

    1.    The Defendant is charged in a 24 count indictment, alleging 24 violations of 26 U.S.C. § 7206(2), aiding or assisting a false tax statement.

    2.    As of this filing, undersigned counsel has not had the opportunity to fully evaluate the evidence in this case, to conduct a complete investigation, or to conduct complete research despite due diligence.

    3.    The discovery that has been disclosed to date is approximately 1,650 pages. Counsel will need additional time to thoroughly organize and review discovery.

    4.    Moreover, in reviewing the discovery that has been disclosed to date and in discussing the case with government counsel, undersigned counsel needs additional

time to research potential legal issues and/or defense(s), and to investigate the allegations made in this case.

5.      Due to the existence of a Protective Order, *see* Doc. No. 15, counsel is unable to provide Mr. Mattison with a copy of discovery.  Mr. Mattison must instead review discovery only in the presence of counsel.  The process is time-consuming.

6.      Undersigned counsel believes that the ends of justice are best served by the granting of a 60 day continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) and that such interests outweighs the best interest of the public and Mr. Mattison in a speedy trial.  Counsel also request a 60 day extension.

7.      Undersigned counsel has discussed this motion with Assistant United States Attorney, Martha A. Paluch, who expressed she has no objection to this motion.

8.      Among the factors, applicable here, which the court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

    a.      Whether the failure to grant the continuance would result in a miscarriage of justice.  See 18 U.S.C. § 3161(h)(7)(B)(i).  The defense believes that this would be case here.

    b.      Whether the failure to grant a continuance in a case which is otherwise not unusual or complex would deny the Defendant the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  The defense believes again, this is the case.

9.      In support of this motion Mr. Mattison addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987).  This outline of factors is consistent with the discussion concerning the adequacy of the record in an ends-of-

justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In West the 10th Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the West factors Mr. Mattison states as follows:

   a.   The defense has exercised diligence. Counsel has devoted time and resources to Mr. Mattison's case, including reviewing discovery, meeting with Mr. Mattison, and discussions with government counsel. Nevertheless, additional time will be needed in order to effectively represent Mr. Mattison. Simply stated, despite the efforts already put into Mr. Mattison's case, additional time will be required to effectively represent him at trial (if trial is necessary), or to effectively assist him in knowingly and intelligently deciding whether to enter into a plea agreement (if applicable).

   b.   Granting the requested continuance will accomplish counsel's need for additional time. If granted, counsel believes he will have the necessary time to complete research and investigation in Mr. Mattison's case. Thus, the continuance, if granted, would accomplish the purpose underlying the need for the continuance.

   c.   The government does not object to the defense request for a continuance. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance. Counsel does not intend inconvenience to this Court and knows of no particular aspect of this request which

3

would cause such a problem.  As always, counsel is happy to cooperate with the Court to lessen the chance of inconvenience.

        d.    The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial.  The need for the continuance is described throughout this motion.  Without the requested continuance the defense will be unable to adequately prepare the case.  Apart from doing what he has, there has not been the opportunity to move forward with a complete review of the discovery, review the same discovery with Mr. Mattison, investigate the allegations, and then based upon that investigation, conduct subsequent legal research.  Without the exclusion of a period of time from the speedy trial calculations, defense counsel will be unable to provide effective assistance of counsel and Mr. Mattison's right to be effectively represented in these proceedings will be seriously damaged.

WHEREFORE, the Defendant, by and through undersigned counsel, and moves this Honorable Court for a 60 day ends of justice continuance of the trial, pursuant to 18 U.S.C. § 3161(h)(7)(A) and extension of the deadline to file Motions to Suppress.

    Respectfully submitted,

    VIRGINIA L. GRADY
    Federal Public Defender


    */s/ David E. Johnson*
    David E. Johnson
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    David_Johnson@fd.org
    Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 15, 2016, I electronically filed the foregoing

**UNOPPOSED MOTION TO CONTINUE TRIAL AND TO
EXCLUDE TIME FROM THE SPEEDY TRIAL ACT COMPUTATION**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Martha Ann Paluch
    Assistant U.S. Attorney
    Email: Martha.Paluch@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Hieu C. Mattison *(via U.S. Mail)*

                              */s/ David E. Johnson*
                              David E. Johnson
                              Assistant Federal Public Defender
                              633 17th Street, Suite 1000
                              Denver, CO  80202
                              Telephone:  (303) 294-7002
                              FAX:  (303) 294-1192
                              David_Johnson@fd.org
                              Attorney for Defendant