**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00044-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

HIEU C. MATTISON,

      Defendant.

---

## PLEA AGREEMENT

---

The United States of America, by and through Martha A. Paluch, Assistant United States Attorney for the District of Colorado, and the Defendant, Hieu C. Mattison, personally and by counsel, David E. Johnson, hereby submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I.     PLEA AGREEMENT

The defendant agrees to plead guilty to Count 17 of the Indictment, charging a violation of Title 26, United States Code, Section 7206(2), Willfully Aiding or Assisting in the Preparation of a False Tax Return. The parties agree that the defendant should be ordered to pay restitution to the Internal Revenue Service (IRS) in the amount of $133,544.  This amount represents the loss to the IRS for the false tax returns defendant prepared and submitted to the IRS for tax years 2008 through 2012.

Court's Exhibit

1

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and he agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period.

The Office for the United States Attorney for the District of Colorado (the government) agrees to not file any additional charges against the defendant based on the information presently known to the government. The government also agrees to move to dismiss the remaining counts in the Indictment upon acceptance of the defendant's plea of guilty to Count 17. In addition, provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the government agrees to recommend a three-level reduction for acceptance of responsibility.

The government will determine its position with respect to any argument that the defendant advances in support of a sentence at variance with a sentence within the applicable sentencing guideline range, and will take a position with respect to such arguments, at the time of sentencing. At minimum, the government agrees it will not seek a sentence above the bottom of the applicable guideline range.

-2-

This agreement is submitted to the Court for its consideration pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined. Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds the advisory guideline range that applies to a total offense level of 15; or (3) the government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives the right to challenge this prosecution, conviction, or sentence in any collateral attack (including, but not limited to, a motion brought under 28 U.S.C. § 2255). This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

## II.     **ELEMENTS OF THE OFFENSE**

To establish a violation of 26 U.S.C. § 7206(2), the United States must prove the following elements:

*First*:  The defendant aided, assisted, procured, counseled, or advised the preparation of a tax return;

*Second*:  the return was fraudulent or false as to a material matter; and

*Third*:  the defendant acted willfully.

*Tenth Circuit Pattern Jury Instructions (Criminal Cases)*, § 2.94 (2011 ed.); *United States v. Cutler*, 948 F.2d 691, 694-696 (10th Cir. 1991).

## III.     **STATUTORY PENALTIES**

The maximum statutory penalty for a conviction of Title 26, United States Code, Section 7206(2) is not more than three years imprisonment; a fine of not more than $250,000; costs of prosecution; not more than one year supervised release; and a $100 Special Assessment.  If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV.     **COLLATERAL CONSEQUENCES**

The conviction may further cause the loss of certain civil rights, including, but not limited to, the right to possess a firearm, vote, hold elected office, and sit on a jury.

## V.     **STIPULATION OF FACTS**

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below.

Because the Court must, as part of its sentencing methodology, compute the advisory

guideline range for the offense of conviction, consider relevant conduct, and consider

the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below

which are pertinent to those considerations and computations. To the extent the parties

disagree about the facts set forth below, the stipulation of facts identifies which facts are

known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting

the Court with additional facts which do not contradict facts to which the parties have

stipulated and which are relevant to the Court's guideline computations, to other 18

U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began was in February

2009.

The defendant was the owner and primary tax return preparer of AAAE Financial,

Inc., located in Lakewood, Colorado.  In November 2011, the criminal investigation

section of the IRS received a referral from the IRS's scheme development center to

investigate AAAE Financial.  The center identified similarities/irregularities in returns

prepared by AAAE Financial.  Investigation revealed that the defendant added false

income items such as W-2 wages, household help (HSH) income, and/or false

Schedule C business income to his mostly low-income clients' tax returns.  The false

income items increased various tax credits and resulted in false returns.  On the few

returns where false income was not added, false education credits were added which

resulted in unjustified refunds.  While the defendant had four employees input

information on the returns, he admitted that he reviewed all returns prior to AAAE Financial transmitting the returns to the IRS.

Most of the refunds generated by the false returns were directly deposited into a business account controlled by the defendant. After a client's refund was deposited into the account, the client returned to the defendant's office to pick up the refund money, less the defendant's preparation fee, which was usually paid in cash.

The defendant charged a flat fee of approximately $60 to prepare a client's return. The benefit the defendant received by inflating income on returns was happy customers; they received a higher refund than expected and this resulted in more repeat customers and referrals.

An IRS undercover agent (UC) posed as a client at AAAE Financial and asked the defendant to prepare a tax return, which the defendant did. The defendant added $6,002 in false HSH income as well as educational expenses that the UC and the defendant had never discussed.

The defendant was advised of his rights and interviewed by IRS Special Agent Evan Garrett. At trial, Agent Garrett would testify that after being confronted about his preparation of the false return for the UC, the defendant admitted that he added additional income to his clients' tax returns to maximize the credits and refunds available to them.

The defendant filed 34 false tax returns for 16 individuals for tax years 2008 through 2012 for a total tax loss amount of $133,544.

Specifically with respect to Count 17, on February 20, 2012, the defendant prepared and presented to the Internal Revenue Service a U.S. Individual Form 1040 Income Tax Return for Taxpayer J.D. for the calendar year 2011.  The return was false and fraudulent as to material matters, in that (1) the return represented that Taxpayer J.D. was entitled under the provisions of the Internal Revenue laws to claim an additional $9,895 in wages, and (2) the return reported that Taypayer J.D. was entitled to claim $516 pursuant to the American Opportunity Tax Credit, when in fact Taxpayer J.D. did not earn these additional wages, and was not entitled to this tax credit, as the defendant well knew.

## VI.    SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A.    The appropriate Guideline is §2T1.4.  The base offense level is 16 pursuant to §2T4.1 (tax loss of more than $100,000 but less than $250,000).

B.    There is a two-level increase pursuant to § 2T1.4(b)(1)(B) because the defendant was in the business of preparing and assisting in the preparation of tax returns.

C.      The adjusted offense level is therefore 18.

D.      Pursuant to §3E1.1(a) and (b), provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility.  The resulting total offense level would be 15.

E.      The parties understand that the defendant's criminal history computation is tentative.  The criminal history category is ultimately determined by the Court. The information known to the parties shows that the defendant has no prior criminal history.  The defendant's criminal history category is therefore tentatively estimated to be Category I.

F.      Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

G.      The guideline range resulting from the estimated total offense level of 15, and the tentative Criminal History Category I, is 18-24 months.  However, in order to be as accurate as possible, with the criminal history category undetermined at this time, the estimated offense level could conceivably result in a range from 18 months (bottom of Category I) to 51 months (top of Category VI).

H.      Pursuant to guideline §5E1.2, assuming the parties' estimated offense level of 15 is accurate, the fine range for this offense would be between $7,500 and $75,000, plus applicable interest and penalties.

I.      Pursuant to §5D1.2(a)(3), if the court imposes a term of supervised release, that term shall be not more than one year. The parties understand that although the

Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

J.   The defendant agrees to pay restitution to the IRS at the time of sentencing in the amount of $133,544.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

## VII.   ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: _____        _____

7-20-16

Hieu C. Mattison
Defendant

Date: _____ 7/20/16

David E. Johnson
*Attorney for Defendant*

Date: _____ 7/20/16

Martha A. Paluch
Assistant U.S. Attorney

-10-