**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00044-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HIEU C. MATTISON,

    Defendant.

**GOVERNMENT'S SENTENCING STATEMENT**

The United States of America (the government) submits the following sentencing statement. The defendant is scheduled to be sentenced on Monday, December 5, 2016, at 9:00 a.m.

**Background**

1) On January 28, 2016, the grand jury returned a 24-count indictment charging the defendant with 24 counts of Willfully Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2). ECF 1.

2) The defendant pled guilty on July 20, 2016, to Count 17 of the Indictment. ECF 22.

3) On September 21, 2016, the Court granted the government's motion to continue the defendant's October 17, 2016 sentencing hearing. ECF 27. That motion was filed after the IRS scheme development center notified the IRS case agent in this matter of approximately 80 tax returns submitted to the IRS with an Electronic Filing

1

Identification Number (EFIN) tied to the defendant.   These returns contained indications of fraud, similar to the returns at issue in this case.

4)   At the time of the filing of the government's motion to continue the defendant's sentencing, the case agent had interviewed five of the taxpayers at issue. Additional time was needed to interview more taxpayers and to arrange for a Spanish speaking interpreter for certain of these interviews.

### Evidence of continued criminal activity

5)   The case agent has now interviewed seventeen taxpayers. Fourteen of these taxpayers stated that the defendant prepared their returns, their returns contain false information, and that they did not provide the false information to the defendant. See Attachment 1, Memorandum of Activity prepared by IRS Special Agent Arleta Moon.[1] These fourteen returns were electronically filed in July of 2016, within days of the defendant's July 20, 2016 change of plea hearing.

6)   The memorandum of interviews (MOIs) from all seventeen taxpayers, along with copies of their tax returns and tax transcripts were Fed Ex'd to defense counsel on Monday, October 31, 2016.   The tax materials were provided to defense counsel pursuant to the conditions set forth in the Protective Order granted by this Court on February 29, 2016.   ECF 15.

7)   Copies of the MOIs, with personal identifying information redacted, are attached to this sentencing statement as Attachments 2 through 17.[2]   These MOIs

---

[1] Two of the remaining three taxpayers (L.B. and O.R.) stated that a woman at the defendant's business Total Images Financial Services prepared their returns and it was unclear if the third return contained false information (L.G.1).

[2] The government is providing to the Court MOIs from 16 of the 17 taxpayers.   The MOI from

2

detail the false statement(s) made in the returns at issue.

    8) Following is a summary of the fourteen taxpayer's initials, the date their tax return was electronically submitted to the IRS,[3] and a description of the false line item(s):

| Attachment | Taxpayer's Initials | Date Return was Received by IRS | False Line Item(s) for Tax Year 2015 |
|---|---|---|---|
| 2 | C.C. | 7/24/16 | Education Credits and Schedule C Profit/Loss |
| 3 | M.D. | 7/19/16 | Educations Credits |
| 4 | L.E. & R.E. | 7/7/16 | Education Credits |
| 5 | L.G.2 | 7/22/16 | Wages, Schedule C Profit/Loss and S Corp |
| 6 | E.M. | 7/1/16 | Schedule C Profit/Loss Education Credits |
| 7 | T.N. & Q.N. | 7/21/16 | Schedule C Profit/Loss and S Corp Net Operating Loss |
| 8 | H.O. | 7/22/16 | Education Credits and Earned Income |

---

the 17th taxpayer, L.B., contains information that predates the charges filed in this case. While this MOI was provided to defense counsel, it is not attached here.

[3] The dates the returns were received by the IRS are contained in the tax transcripts, which were provided to defense counsel.

|  |  |  |  |
|---|---|---|---|
|  |  |  | Credit (EIC) |
| 9 | J.P. | 7/8/16 | Schedule C Profit/Loss |
| 10 | M.P. | 7/22/16 | Education Credits and Schedule C Profit/Loss |
| 11 | C.P. | 7/18/16 | Education Credits |
| 12 & 13 | F.R. | 7/21/16 | Schedule C Profit/Loss, Wages, S Corp |
| 14 & 15 | K.R. & E.H. | 7/13/16 | Wages, Schedule C Profit/Loss and S Corp |
| 16 | G.S. & D.S. | 7/8/16 | Schedule C Profit/Loss and Net Operating Loss |
| 17 | D.Y. | 7/24/16 | Education Credits |

9) The estimated tax loss from these fourteen returns is $53,237.   Attachment 18.

**The defendant is not entitled to an acceptance of responsibility reduction**

10) The defendant clearly has not taken the charges, or his plea of guilty, serious.   The defendant went so far as to add his own business, Total Images Financial, Inc., as an S Corp on T.N.'s tax return.   Attachment 7 at 2, ¶ 8.   Notably, when asked by taxpayer K.R. about the instant case, the defendant replied that "he was not worried about it," and that "he didn't do anything wrong."   Attachment 15 at 1.   Defendant is mistaken.   Repeatedly filing false tax returns under the penalty of perjury and subjecting his clients to tax debts to the IRS is a very serious matter.   The

4

government submits that the defendant's continued criminal conduct prior to and just after his change of plea hearing should negate any acceptance of responsibility credit. *See* Doc. 22 at 2 (defendant's plea agreement stating that "provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the government agrees to recommend a three-level reduction for acceptance of responsibility").

11) The sentencing guidelines and case law support this assertion.   The defendant bears the burden of proving by a preponderance of the evidence that he is entitled to a sentence reduction for acceptance of responsibility.   U.S.S.G. § 3E1.1; *United States v. Benoit,* 713 F.3d 1, 24 (10th Cir. 2013). While a defendant who has entered a guilty plea will typically receive a reduction for acceptance of responsibility, he is not entitled to such an adjustment "as a matter of right."   § 3E1.1 App. N. 3. Instead, a defendant's guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility."   *Id.*; *United States v. Tenderholt,* 149 Fed. App'x 805, 812 (10th Cir. 2005).

12) Indeed, an appropriate consideration in determining whether a defendant has accepted responsibility is whether he has voluntarily terminated or withdrawn from "criminal conduct or associations."   § 3E1.1 App. N. 1(B); *United States v. Prince,* 204 F.3d 1021, 1023-1024 (10th Cir. 2000).   Here, the defendant's continued filing of false tax returns is a violation of the standard conditions of his appearance bond and therefore "is certainly evidence of failure to accept responsibility, and this fact alone provides adequate foundation" for denial of an acceptance of responsibility reduction.

*United States v. Swanson,* 253 F.3d 1220, 1225 (10th Cir. 2001).

13) Defendant's conduct mirrors that of the defendant in *United States v. Simpson,* 283 Fed. App'x 747 (10th Cir. 2008).   There, the defendant pled guilty, *inter alia,* to preparing and submitting or causing others to prepare and submit false tax returns.   The Tenth Circuit affirmed the district court's denial of an acceptance of responsibility reduction based upon the defendant's "continued criminal activity after being indicted."   *Id.* at 753.   Specifically, "after being indicted on January 23rd, Simpson attempted to file a fraudulent individual tax return on January 27th."   *Id.*   The Court held that this continued criminal activity clearly demonstrated a lack of acceptance of responsibility because it "involved the same crime as that charged in the indictment."   *Id.* (citations omitted).

14) Based on the foregoing, the government will argue at sentencing that the defendant not receive any reduction in his offense level for acceptance of responsibility and will seek a sentence not to exceed the bottom of the applicable guideline range as agreed to in the plea agreement.   Doc. 22 at 2

Respectfully submitted this 7th day of November, 2016.

ROBERT C. TROYER
Acting United States Attorney


s/ *Martha A. Paluch*
MARTHA A. PALUCH
Assistant U.S. Attorney
1225 17th Street, Suite 700
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov


**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. David Johnson
Assistant Federal Public Defender
Counsel for Defendant Hieu C. Mattison
David_Johnson@fd.org


s/*Mariah Hill*
Mariah Hill
Legal Assistant
United States Attorney's Office
1225 17th Street, Suite 700
Denver, CO 80202
303 454-0100
Fax: 303 454-0402
Email: Mariah.Hill@usdoj.gov