

**DEPARTMENT OF THE TREASURY**
Internal Revenue Service
~~Criminal Investigation~~

# Memorandum of Interview

| | | | |
|---|---|---|---|
| **Investigation #:** | 100246131 | **Location:** | D.S.O. |
| **Investigation Name:** | Hieu Mattison | | ▮▮▮▮▮▮▮▮▮ |
| **Date:** | September 15, 2016 | | Lakewood, CO 80226 |
| **Time:** | 11:50 a.m.– 1:33 p.m. | | |
| **Participant(s):** | L.G. 2, Witness | | |
| | Arleta Moon, Special Agent | | |
| | Lu Pacheco, Investigative Analyst | | |

On the above date and time, Special Agent Moon and Investigative Analyst, Pacheco met with L.G. 2 at her place of business, D.S.O. in Lakewood CO. Special Agent Moon and Investigative Analyst Pacheco introduced themselves and displayed their credentials for her inspection. Special Agent Moon advised L.G. 2 they would like to ask her some questions about the preparation of her 2015 income tax return. L.G. 2 provided the following information in response to the agent's questions:

1. L.G.2's full name is L.G. 2. Her Social Security number is ▮▮▮▮▮▮▮▮ and her date of birth is ▮▮▮▮ L.G.2's office phone number is ▮▮▮▮▮▮▮▮ and her cell phone number is ▮▮▮▮▮▮▮▮.

2. L.G. 2's current address is ▮▮▮▮▮▮▮▮▮▮▮, Lakewood, CO 80232.

3. L.G.2 is single with 5 children. L.G.2 claims her two youngest sons H.G., 12 and Z.G., 15, as dependents. L.G.2 is an Optician and certified lab technician. L.G.2 worked for D.S.O. for 33 years; she has owned the business since 2008.

4. L.G. was shown a copy of her electronically filed 2015 income tax return. She verified it was her tax return and that was prepared by Hieu Mattison (Mattison). L.G. did not have a copy of her tax return.

5. L.G. has been going to Mattison since 2013. L.G. employee's grandmother told her about Mattison. Mattison prepares L.G.'s personal tax return, her business tax returns, Form 941 s and unemployment tax returns.

6. L.G. went to Mattison's office in July 2016. L.G. met with Mattison and dropped off her information. Mattison completed the return and electronically filed it.

7. When asked the about the wages (line 7) which list HSH (Household wages), L.G. was not sure what that was for. L.G. only worked at D.S.O. L.G. said her wages from D.S.O. was $1,500 per month. L.G. did not have any household wages.

8. L.G. was not sure how her business income was reported. L.G. said she gave all her information to Mattison. L.G. said she records her income and expenses in Quick Books. L.G.'s computer froze; she took it to Mattison to see if he was able to open it. L.G. also took her bank statements and expense receipts to prepare her tax returns if he was unable to open Quick Books. Mattison was unable to open the computer. L.G. said she was going to take the computer to Best Buy to see if they are able to fix it and get a copy of the profit and loss statement.

9. Special Agent Moon reviewed the Schedule C, Profit or Loss from Business with L.G.. L.G. said her gross receipts for the business were more than $17,950. She is not sure how Mattison calculated the income. L.G. provided Special Agent Moon a copy of a spreadsheet (Attachment A) that she used to record her monthly income. The gross receipts for 2015 were $201,385. All her expenses were recorded in Quick Books on her computer. The only expenses Mattison listed on the Schedule C were wages for $17,000.

10. L.G. said her monthly business expenses included rent $2,500, insurance $450, lab bills $2,000, phone $289, workman's comp, $45, wages $1,500, common expenses $933, doctor bills and more. L.G. estimated her profit in 2015 was approximately $30,000. L.G. said she was on Medicare and Section 8 housing because her income was so low.

11. Special Agent Moon reviewed the Form 8863, Education Credits with L.G.. L.G. said she had some Optician training in 2015. L.G. took some online training and attending some shows. L.G. said she gave her receipts to Mattison. The Form 8863 list LegalShield as the educational institution. L.G. was a distributor for LegalShield; she stated she attended some training classes in 2015. L.G. paid for her hotels and other travel expenses. L.G. is not sure how much she spent on Education in 2015. L.G. said she did not spend $800 on training for LegalShield; she spent more on her Optician continuing education.

12. L.G. paid Mattison $300 for the tax preparation which included her business tax returns. Mattison did not charge her to file the extension. L.G. has not received her refund; she received a letter from the IRS with questions about her health care. L.G. took the letter to Mattison, he told her he would take care of it.

13. L.G. said Mattison's son D.M. and a Hispanic female receptionist works in the office.

14. The Agents thanked L.G. for her time and Special Agent Moon gave L.G. her business card. Special Agent Moon asked L.G. to call her if she was able to get the documents and she would pick them up.

15. On October 21, 2016, L.G. contacted Special Agent Moon. L.G. said she went to Mattison's office on October 17, 2016 and picked up her business records. Mattison told

her he had not prepared her business return (S Corporation) because he needed more information. L.G. said Best Buy was unable to fix her computer, therefore she could not provide a profit and loss statement.

16. L.G. stated she received her federal refund on September 16, 2016.

I prepared this memorandum after refreshing my memory from notes made during and immediately after the interview with L.G.

*Arleta Moon*
Arleta Moon
Special Agent

*Lu Pacheco*
Lu Pacheco
Investigative Analyst