**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00044-MSK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HIEU C. MATTISON,

    Defendant.

---

**GOVERNMENT'S MOTION FOR LEAVE TO PRESENT EVIDENCE AT DEFENDANT'S MARCH 13, 2017 SENTENCING HEARING**

---

The United States of America (the government) hereby requests that it be allowed to present evidence by way of agent testimony at the defendant's March 13, 2017 sentencing hearing, scheduled to commence at 9:00 a.m.

### Background

1) On January 28, 2016, the grand jury returned a 24-count indictment charging the defendant with 24 counts of Willfully Aiding and Assisting in the Preparation of a False Tax Return, in violation of 26 U.S.C. § 7206(2).   ECF 1.

2) The defendant pled guilty on July 20, 2016, to Count 17 of the Indictment.  ECF 22.

3) On September 21, 2016, the Court granted the government's motion to continue the defendant's October 17, 2016 sentencing hearing.   ECF 27.   That motion was filed after the IRS scheme development center notified the IRS case agent in this

1

matter of approximately 80 tax returns submitted to the IRS with an Electronic Filing Identification Number (EFIN) tied to the defendant.   These returns contained indications of fraud, similar to the returns at issue in this case.

4)   In its sentencing statement, filed November 7, 2016, the government provided the Court with the initials of the taxpayers related to fourteen false tax returns and the dates of submission of these false returns to the IRS by the defendant within days of his July 20, 2016 change of plea hearing.   The estimated tax loss from these fourteen returns is $49,388.   ECF 29 at 3-4.

5)   On November 15, 2016, the defendant filed a motion to continue his December 5, 2016 sentencing hearing based in part on his need for additional time to review the information provided to him in connection with the government's sentencing statement.   ECF 30.

6)   On November 16, 2016, the Court granted the defendant's motion and his sentencing hearing was rescheduled to March 13, 2017.   ECF 31 and ECF 32.

7)   Defendant filed a Response to Government's Sentencing Statement on February 27, 2017.   ECF 35.   In his statement, the defendant does not deny filing the additional false returns.   *Id.* at 3 ("Such conduct, even as alleged, does not negate the acceptance of responsibility he demonstrated at the change of plea hearing in this case.")   Rather, he maintains that he "met with all of the clients at issue in the government's filing, and obtained information from them for the filing of their tax returns, *prior* to the change of plea hearing."   *Id.* at 1.

8)   The fact the defendant met with these clients prior to his July 20, 2016

change of plea hearing is immaterial.   The defendant was served with a summons on February 2, 2016, advising him that he had been charged by Indictment with aiding or assisting in the preparation of a false tax return in violation of 26 U.S.C. § 7206(2). ECF 3 and 4.   Based upon the information set forth in the defendant's Response, he met with all of the clients at issue *after* he was on notice that he had been charged in this case.[1]   The fact that he continued to prepare false tax returns after he was on notice of the charges in this case, and in fact filed the false tax returns at issue within days of his July 20, 2016 change of plea hearing is the conduct the government requests that this Court consider.   Cf. *United States v. Cutler,* 948 F.2d 691, 694 (10th Cir. 1991) ("Section 7206(2) does not expressly mention filing as an element of the offense . . . . ").

       9)   The fact that the defendant met with the clients at issue months prior to his change of plea hearing simply means this defendant had ample opportunity to consider whether preparing and filing additional false tax returns was in his best interests, in light of his pending charges.   Apparently, the plea colloquy that occurred on July 20, 2016 meant nothing to this defendant if he could then within days electronically file additional false returns with the IRS.   Indeed, eight of the false returns set forth in the government's chart on Page 3-4 of its sentencing statement were electronically filed within four days of the defendant pleading guilty in this case.   *See* ECF 29 at 3-4 (Attachments 2, 5, 7, 8, 10, 12, 13, and 17).   It is entirely appropriate for the Court to consider this additional criminal conduct in determining whether this defendant is deserving of a reduction in his sentence for acceptance of responsibility, and in

---

[1] The defendant states he met with taxpayer H.O. in February 2016 but does not provide a specific date and notes in footnote 2 he was unable to locate forms for all clients.

fashioning an appropriate sentence in this case.

10) Defendant submits that he is still entitled to the full reduction for acceptance of responsibility due to his timely entry of a guilty plea. ECF 35 at 3. But the inquiry does not end there. As noted in the government's sentencing statement, a defendant's guilty plea "may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility." U.S.S.G. § 3E1.1 App. N. 3; *United States v. Tenderholt,* 149 Fed. App'x 805, 812 (10th Cir. 2005).

11) Whether the Court considers this defendant's criminal conduct after receiving the summons in this case, or after he pled guilty, it is clear he did not voluntarily terminate or withdraw from "criminal conduct or associations" at either time. § 3E1.1 App. N. 1(B); *United States v. Prince,* 204 F.3d 1021, 1023-1024 (10th Cir. 2000). His filing of additional false tax returns "is certainly evidence of [his] failure to accept responsibility, and this fact alone provides adequate foundation" for denial of an acceptance of responsibility reduction. *United States v. Swanson,* 253 F.3d 1220, 1225 (10th Cir. 2001).

12) On March 2, 2017, the probation office filed an Addendum to the presentence report noting the information in the government's sentencing statement and the defendant's response, and stated that is cannot make a determination as to whether a reduction for acceptance of responsibility is warranted. ECF 37 at A-1.

13) Given that the defendant does not dispute filing the additional false tax returns, the government submits that this Court can find that he is not deserving of a reduction in his base offense level for acceptance of responsibility due to his continued

criminal conduct.   In the event the Court requires further evidence of this conduct, the government seeks permission to present evidence, by way of testimony from IRS Special Agent Arleta Moon, regarding her interviews with the taxpayers at issue and the false items in their returns. The government anticipates that the presentation of this evidence would take approximately 45 minutes.

14)   Undersigned counsel has conferred with defendant's attorney Mr. David Johnson about the government's request to present evidence at the sentencing hearing. Mr. Johnson represented that he takes no position as to this request.   In the alternative, should the Court deem that a proffer of the government's evidence pertaining to the additional false tax returns set forth in its sentencing statement is sufficient, Mr. Johnson would not object to such a proffer.

Respectfully submitted this 6th day of March, 2017.

ROBERT C. TROYER
Acting United States Attorney


s/ *Martha A. Paluch*
MARTHA A. PALUCH
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. David Johnson
Assistant Federal Public Defender
Counsel for Defendant Hieu C. Mattison
David_Johnson@fd.org

                                                      s/*Mariah Hill*
                                                      Mariah Hill
                                                      Legal Assistant
                                                      United States Attorney's Office
                                                      1801 California Street, Suite 1600
                                                      Denver, CO 80202
                                                      Telephone: 303 454-0100
                                                      Fax: 303 454-0402
                                                      Email: Mariah.Hill@usdoj.gov