**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 16-cr-00044-MSK

UNITED STATES OF AMERICA,

  Plaintiff,

v.

HIEU C. MATTISON,

  Defendant.

---

### GOVERNMENT'S OBJECTION TO PRESENCE INVESTIGATION REPORT

---

  The United States of America (the government) hereby submits this objection to the Presentence Report, ECF 25, 36. The defendant's sentencing hearing is scheduled to commence at 10:00 a.m. on March 14, 2017.

  1)  The probation office's guideline calculation reduces the defendant's base offense level by three levels for acceptance of responsibility.   ECF 36 at 5, ¶¶ 26 and 27.   The government hereby provides notice that it objects to this reduction based solely upon the defendant's post-plea conduct.

  2)  At sentencing, the government will argue that regarding defendant's failure to accept responsibility, the Court should only consider the false tax returns filed after the defendant's July 20, 2016 change of plea hearing. The government's earlier filings incorrectly cited to additional false returns filed prior to the July 20, 2016 change of plea hearing.   ECF 29, 38.   Pursuant to the terms of the plea agreement, however, the government may only argue that the Court consider the defendant's conduct "between

1

the date of his plea and the date of sentencing" in determining whether to grant the defendant any reduction for acceptance of responsibility. ECF 22 at 2; *see United States v. Jackman,* 512 F. App'x 750, 752 (10th Cir. 2013) (where government's pre-sentencing filing was at odds with the terms of the plea agreement, government cured breach prior to sentencing through additional filing, and through government's sentencing recommendation at the sentencing hearing which was consistent with plea agreement).

3)  The government will argue that the Court may consider the seven additional false returns submitted by the defendant to the IRS in the month of July 2016 prior to his plea hearing in relation to the history and characteristics of this defendant in fashioning an appropriate sentence in this case pursuant to 18 U.S.C. § 3553(a). *See* ECF 22 at 5 (parties agreed that with respect to the Court's overall sentencing decision, neither party was precluded from "presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision").

4)   Finally, although the government referenced in its pleadings the loss amount attributable to the additional 14 false tax returns filed by the defendant, at sentencing, it will not ask the Court to recalculate the defendant's base offense level due to this additional tax loss, and it will not seek restitution for this additional loss amount.   *See Hughey v. United States,* 495 U.S. 411, 419 (1990) ("Congress intended restitution to be tied to the loss caused by the offense of conviction").   While 18 U.S.C. § 3663(a)

2

was subsequently amended to allow for restitution "in the case of an offense that

involves as an element a scheme, conspiracy, or pattern of criminal activity,"

§ 3663(a)(2), this amendment "does not disturb *Hughey's* limit on the conduct that gives

rise to restitution for an offense that," like Mr. Mattison's, does not involve as an element

of the offense such a scheme, conspiracy or pattern.   *United States v. Howard*, 759

F.3d 886, 891 (8th Cir. 2014); *See United States v. McAlpine*, 103 F.3d 145 (Table),

1996 WL 705220, at * 5 n.1 (10th Cir. 1996) (same).


Respectfully submitted this 13th day of March, 2017.

ROBERT C. TROYER
Acting United States Attorney


s/ *Martha A. Paluch*
MARTHA A. PALUCH
Assistant U.S. Attorney
1801 California Street, Suite 1600
Denver, CO 80202
Telephone 303-454-0100
Facsimile 303-454-0402
Email: martha.paluch@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Mr. David Johnson
Assistant Federal Public Defender
Counsel for Defendant Hieu C. Mattison
David_Johnson@fd.org

s/Mariah Hill
Mariah Hill
Legal Assistant
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Telephone: 303 454-0100
Fax: 303 454-0402
Email: Mariah.Hill@usdoj.gov